

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2006

# In Re: Johnny Lopez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Johnny Lopez " (2006). *2006 Decisions.* Paper 1625.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1625

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1108
_____

IN RE:  JOHNNY LOPEZ,
                                             Petitioner

_____

On Petition for a Writ of Mandamus from the
United States District Court for the
District of Delaware
(Related to D. Del. Civ. No. 05-cv-00019)

_____

Submitted Under Rule 21, Fed. R. App. P.
January 27, 2006
Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES

(Filed: February 7, 2006)
_____

OPINION
_____

PER CURIAM.

        Johnny Lopez has filed a mandamus petition pursuant to 28 U.S.C. § 1651,

seeking to have this Court instruct the United States District Court for the District of

Delaware to compel respondents in the underlying habeas corpus proceeding to "produce

evidence" used to secure a search of his home and subsequently convict him of a drug

trafficking offense in 2003.

1

The writ of mandamus is an extraordinary remedy. To justify the Court's use of this remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ. Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). No such showing has been made in the instant case. A review of the record in the underlying proceeding shows that the state court record was filed in the District Court on August 1, 2005. If Lopez believes that the state court record is incomplete, he is certainly free to bring that concern to the District Court's attention. Any challenge to the actual state court conviction that is the subject of the petition filed pursuant to 28 U.S.C. § 2254, however, must first be resolved by the District Court. Lopez will have an opportunity for appellate review in this Court after the District Court has entered a final order disposing of his § 2254 petition.

Accordingly, we will deny the petition.